UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Publishing House of the Evangelical
Lutheran Church in America,
d/b/a Augsburg Fortress Publishers,
a Minnesota nonprofit corporation,

        Plaintiff,

v.                                          Case No. 14-cv-550 (JNE/BRT)
                                          ORDER

Hartford Fire Insurance Company, and
Hartford Casualty Insurance Company,

        Defendants.

This matter is an insurance coverage dispute over whether Defendants Hartford Fire Insurance Company and Hartford Casualty Insurance Company (Hartford) breached duties to defend and indemnify Plaintiff Augsburg Fortress Publishers (AFP) in an underlying class action lawsuit. AFP and Hartford have filed motions for summary judgment. For the reasons provided below, the Court finds that Hartford did not breach its duty to defend or indemnify. The Court grants Hartford's motion and denies AFP's motion.

## BACKGROUND

AFP is a Minnesota nonprofit corporation. AFP and its predecessor maintained a defined benefit pension plan (the Plan) for its employees and retirees until 2010, when the Plan was terminated. In April 2010, a class of participants and beneficiaries in the Plan filed a lawsuit, alleging that AFP and other defendants were liable for underfunding the Plan and failing to disclose information regarding the Plan's funding and the ability to pay projected benefits.

At the time, AFP had general liability coverage through a primary policy with Hartford Fire Insurance Company. This policy included Employee Benefits Liability (EBL) coverage with

limits of $1 million. AFP also had an umbrella policy through Hartford Casualty Insurance Company that provided excess coverage, including excess EBL coverage, with limits of $10 million. The terms and definitions of the EBL coverage in the umbrella policy follow form to those in the primary policy. The EBL coverage provided insurance for "damages" the insured is obligated to pay because of "injury that arises out of any negligent act, error or omission in the 'administration' of your 'employee benefits programs.'"

AFP tendered the complaint in the underlying class action to Great American Insurance Company (GAIC), its fiduciary liability insurer. GAIC acknowledged defense coverage, subject to a reservation of rights. AFP also tendered the complaint to Hartford, seeking defense and indemnity coverage. Hartford issued a letter declining coverage. AFP kept Hartford apprised of developments in the underlying litigation, and Hartford maintained its denial of coverage. The underlying matter eventually settled. AFP contributed $3.2 million to the settlement, with $2.2 million coming from its own funds and $1 million from GAIC.

AFP filed this action in state court, alleging Hartford breached its duty to defend and indemnify. AFP brought the claims for itself and on formal assignment from GAIC. Hartford removed to this Court. AFP and Hartford have both moved for summary judgment.

## STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To support an assertion that a fact cannot be or is genuinely disputed, a party must cite "to particular parts of materials in the record," show "that the materials cited do not establish the absence or presence of a genuine dispute," or show "that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B). "The court need

consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). In determining whether summary judgment is appropriate, a court must view facts that the parties genuinely dispute in the light most favorable to the nonmovant, *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009), and draw all justifiable inferences from the evidence in the nonmovant's favor, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## DISCUSSION

AFP seeks a declaration that Hartford owes AFP defense and indemnity coverage in the underlying matter and defense costs and settlement contributions for that matter. Hartford seeks dismissal of the claims against it and a declaration that it has no obligation to defend or indemnify AFP in the underlying matter.

In determining whether Hartford has a duty to defend AFP, the Court compares the language in the underlying complaint to the language in the insurance policy. *Remodeling Dimensions, Inc. v. Integrity Mut. Ins. Co.*, 819 N.W.2d 602, 616 (Minn. 2012). If any part of the suit is arguably within the scope of coverage, Hartford must defend AFP. *Id.* AFP bears the initial burden of proving prima facie coverage under the insurance policy. *Id.* at 617. If AFP meets its burden, the burden shifts to Hartford to prove coverage is barred under exclusions in the policy. *Id.* Any ambiguities are construed against the insurer. *Medica, Inc. v. Atlantic Mut. Ins. Co.*, 566 N.W.2d 74, 77 (Minn. 1997).

The policy at issue covers "damages" AFP is obligated to pay because of "injury that arises out of any negligent act, error or omission in the 'administration' of your 'employee

benefits programs.'"[1] It is undisputed that the Plan is an "employee benefits program" within the meaning of the policy. The policy defines "administration" as:

> a. Giving counsel to your employees or their dependents and beneficiaries, with respect to interpreting the scope of your "employee benefits program" or their eligibility to participate in such programs; and
> b. Handling records in connection with "employee benefits program."

While conceding that many of the allegations in the underlying complaint do not fall within the policy limits, AFP argues that coverage is triggered by allegations that the underlying plaintiffs were injured by AFP's failure to disclose information regarding contributions to the Plan, the funding of the Plan, and the ability to pay pension benefits. AFP argues that the following paragraphs in particular allege negligence in the administration of the Plan:

> 78. . . . Defendants misled Plaintiffs by advising them, repeatedly, that their pension benefits were secure. For example, Defendants regularly sent benefit statements to Plaintiffs and other Class members, stating they would receive projected benefits upon their retirement, in specific amounts.
>
> 175. [Defendants] breached their duty to inform participants fully by failing to provide complete and accurate information regarding Augsburg's contributions to the Plan and generally conveying through statements and omissions inaccurate information regarding Augsburg's underpayments and the underfunded nature of the Plan.
>
> 176. Misleading and inaccurate information concerning the Plan and its funding was stated in the official documents disseminated to Plaintiffs and other Plan participants.

The latter two paragraphs are explicitly tied to a claim for breach of fiduciary duty to disclose. The first paragraph is alleged as part of the background facts common to all counts.

Hartford argues that these allegations do not trigger coverage because they do not allege negligent acts. While the allegations do not use negligence or negligence-like language, they also do not allege that the conduct was intentional and do not foreclose the possibility of negligence.

---

[1] Minnesota law broadly defines the phrase "arising out of" to connote "originating from," "growing out of," or "flowing from." *Dougherty v. State Farm Mut. Ins. Co.*, 699 N.W.2d 741, 744 (Minn. 2005).

4

Accordingly, the Court finds that the allegations raise an arguable possibility of negligence. *See Euchner-USA, Inc. v. Hartford Cas. Ins. Co.*, 754 F.3d 136, 141 (2d Cir. 2014) (finding that an underlying complaint "raised a reasonable possibility of negligence" where "it was not alleged whether [the defendant's action] was done intentionally or negligently").

Hartford also argues that the allegations do not involve "administration" because this term, as used in insurance policies, covers only ministerial and non-discretionary acts. *See, e.g., Maryland Cas. Co. v. Economy Bookbinding Corp. Pension Plan and Trust,* 621 F.Supp. 410, 413 (D.N.J.1985) (interpreting "administration" in an insurance policy to include only "relatively routine, ministerial acts"). However, the insurance policy at issue does not contain any language limiting the definition of "administration" in this way. *See Euchner*, 754 F.3d at 142 (rejecting Hartford's argument that the term "administration" in its EBL policy was limited to ministerial acts because "no construction can modify the definition of the term in the contract wording"). Even if the word had the more limited definition urged by Hartford, the Court finds that the allegations identified by AFP arguably involve non-discretionary acts, such as the handling of Plan-related communications and the calculation of projected benefits.

Hartford also asserts that these allegations do not trigger coverage because they are based on AFP's intentional and non-negligent funding decisions, which are indisputably not covered by the policy. Hartford's reasoning is that the underlying complaint expressly links AFP's alleged failure to disclose information with AFP's funding decisions by, for example, alleging that AFP's statements and omissions were "regarding Augsburg's underpayments and the underfunded nature of the Plan." Hartford is correct that AFP's statements and omissions about the Plan are connected to AFP's funding decisions. But this connection does not defeat AFP's prima facie case for coverage. To meet its burden, AFP must show that the underlying complaint

5

arguably sought damages arising from a negligent act in the administration of the Plan. AFP has shown that the allegations about AFP's disclosure failures meet this standard, in part because the failures were arguably negligent. Coverage is not defeated by the fact that, but for some intentional decisions, the arguably negligent acts giving rise to potential liability would not have occurred or would not have injured the underlying plaintiffs.

The Court finds that the underlying allegations identified by AFP arguably come within the policy limits. The burden now shifts to Hartford to show that coverage is barred by exclusions in the policy. *Remodeling Dimensions*, 819 N.W.2d at 617.

Hartford first argues that coverage is excluded under exclusion c, which bars coverage for "[a]ny dishonest, fraudulent, criminal or malicious act." Hartford argues that AFP's alleged failure to disclose was fraudulent. However, the allegations relied on by AFP to establish coverage do not expressly allege intentional fraud. The allegations are primarily tied to a claim for a breach of fiduciary duty. The Minnesota Supreme Court has characterized a breach of fiduciary duty as a "constructive fraud," which is "not actual fraud." *Perl v. St. Paul Fire & Marine Ins. Co.*, 345 N.W.2d 209, 213 (Minn. 1984). In *Perl*, a case involving attorney malpractice insurance, the court held that the "policy exclusion for 'fraudulent' acts or omissions does not encompass constructive fraud for breach of a fiduciary duty." *Id.* Hartford does not address this holding or otherwise explain why allegations of constructive fraud should trigger the policy exclusion in this matter. For the proposition that allegations of breach of a fiduciary duty to disclose constitute allegations of fraud under Minnesota law, Hartford cites two Minnesota cases, neither of which involves insurance policies and both of which pre-date the Minnesota Supreme Court's holding in *Perl*. Accordingly, Hartford has not met its burden with respect to barring coverage under exclusion c.

Hartford, though, shows that the allegations relied on by AFP to establish coverage are barred by exclusions d and f. Exclusion d bars coverage for the "failure of any investment or saving program to perform as represented by an insured." This provision excludes coverage based on the allegations that AFP misleadingly conveyed that the pension benefits were secure by, for example, stating that the Plan participants "would receive projected benefits upon their retirement." These allegations seek liability based on the fact that the Plan did not turn out to be as secure as AFP claimed and did not produce the benefits projected by AFP. The policy language clearly establishes that such misrepresentations about how the Plan would perform are not covered.

Under exclusion f, the insurance policy does not cover:

The failure of any insured to:
(1) Perform any obligation; [or]$^2$
(2) Fulfill any guarantee;
with respect to:
(1) The payment of benefits under any "employee benefits program;" or
(2) The providing, handling or investing of funds relating to any of these.

This provision excludes the allegations seeking liability based on AFP's failure to disclose information with respect to contributions, funding, and the payment of benefits. The first two phrases of exclusion f are satisfied because the underlying complaint alleges that AFP's failure to disclose was a failure to perform a fiduciary duty. A fiduciary duty is an obligation. Thus, AFP's failure was a failure of an insured to perform an obligation.

The issue becomes whether the failure to disclose was "with respect to" the "payment of benefits" or the "providing, handling or investing of funds" relating to the Plan. The underlying

---

² The policy language does not provide a conjunction connecting the phrase "Perform any obligation" with "Fulfill any guarantee." However, both parties, in their briefs, assume they are linked by the conjunction "or." *See* Defendants' Combined Memorandum at 29 ("Exclusion f. bars coverage for the failure of the insured to perform any obligation or fulfill any guarantee . . . ."); Plaintiff's Reply Memorandum at 11 ("Those exclusions state that the 'insurance does not apply to' . . . the failure of any insured to perform any obligation or fulfill any guarantee . . . .").

complaint repeatedly alleges that AFP's disclosure failures were "regarding" AFP's contributions to the Plan, the funding of the Plan, and the ability to pay pension benefits.[3] Allegations regarding the ability to pay pension benefits are allegations with respect to the "payment of benefits" under the Plan. Allegations regarding AFP's contributions to and funding of the Plan are allegations with respect to the "providing, handling or investing of funds" relating to the Plan. Thus, the allegations seeking liability for AFP's failure to disclose information regarding contributions, funding, and the payment of benefits fall within the operative language of exclusion f.

In sum, to show Hartford has a duty to defend, AFP relies on several underlying allegations. These allegations satisfy AFP's burden of establishing prima facie coverage. But these same allegations are barred from coverage under policy exclusions d and f. While ambiguities are to be construed against the insurer, the Court finds that the policy unambiguously does not apply to these allegations.

Hartford, citing to language in the underlying complaint and the policy, asserts that the other allegations in the underlying complaint either do not trigger coverage or fall within a policy exclusion. AFP, in its reply, does not rebut these assertions and instead reiterates its position that coverage exists through the allegations about AFP's failure to inform the Plan participants regarding the underfunding of the Plan and the security of the benefits. Hartford, having shown that liability based on these allegations is excluded under the policy, has met its burden of

---

[3] Paragraph 175 of the underlying complaint alleges that the defendants' disclosure failures were "regarding Augsburg's contributions to the Plan" and "regarding Augsburg's underpayments and the underfunded nature of the Plan." Paragraph 177 alleges the failures were "regarding the funding of the Plan" and "regarding contribution, funding, and projected ability to pay the pensions."

proving that the cause of action falls outside the scope of coverage and does not trigger Hartford's duty to defend.

Because the duty to defend is broader than the duty to indemnify, there is no duty to indemnify where there is no duty to defend. *See Florists' Mut. Ins. Co. v. Wagners Greenhouses, Inc.*, 535 F. Supp. 2d 947, 950 (D. Minn. 2008). Having found that Hartford has no duty to defend AFP in the underlying matter, the Court also finds that Hartford does not have a duty to indemnify. Accordingly, AFP's duty to defend and duty to indemnify action against Hartford fails.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiff's motion for summary judgment [Docket No. 23] is DENIED;
2. Defendants' motion for summary judgment [Docket No. 32] is GRANTED;
3. This action is DISMISSED with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 16, 2015

                                                 s/Joan N. Ericksen
                                                 JOAN N. ERICKSEN
                                                 United States District Judge